# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. SECESSIONS, | ) | CASE NO.  5:16-CV-00128 |
| | ) | |
| Petitioner, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| JAMES HAVILAND, Warden | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).
Before the court is the petition of Timothy D. Secessions ("Secessions" or "Petitioner")
for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the
custody of the Ohio Department of Rehabilitation and Correction pursuant to journal
entry of sentence in the case of *State of Ohio v. Secessions*, Case No. CR 10-04-
1055(A) (Summit County December 9, 2010).  The State argues that Petitioner failed to
file his petition within the one-year statute of limitations applicable to federal habeas
petitions.  (Doc. No. 8.)  Petitioner filed a memorandum in opposition to which
Respondent filed a reply.  (Doc. Nos. 10 & 11.)  For the reasons set forth below,
Petitioner's § 2254 petition should be DISMISSED.

## I.  Background

### A.    State Court Proceedings

#### 1.  Indictment, Conviction and Sentence

On April 30, 2010, the Summit County Grand Jury indicted Secessions for one
count of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") §

2911.01(A)(3) and one count of robbery in violation of O.R.C. § 2911.02(A)(2). (Doc. No. 8-1, Exh. 1.) Both counts carried repeat violent offender ("RVO") specifications. (*Id.*)

A jury trial commenced on December 6, 2010.[1] (Doc. No. 8-1, Exh. 3.) Pursuant to Ohio Crim. R. 29, the charge of aggravated robbery and its associated specification was dismissed after the State rested. (*Id.*) On December 8, 2010, the jury found Secessions guilty of robbery. (*Id.*) The court found Secessions was guilty of the RVO specification. (Doc. No. 8-1, Exh. 4.) Secessions was sentenced to a definite term of eight years in prison. (*Id.*) The Court declined to sentence Secessions on the RVO specification, finding there was no evidence of serious physical harm or an attempt to cause such harm. (*Id.*)

### 2. Direct Appeal

On January 6, 2011, Secessions, through new counsel J. Reid Yoder, filed a notice of appeal with the Ninth District Court of Appeals ("state appellate court"). (Doc. No. 8-1, Exh. 5.) He raised the following assignments of error:

I.   The limiting instruction given by the trial court regarding inadmissible hearsay testimony by Smith-Cage was insufficient to cure the prejudicial effect of said testimony on appellant's case; therefore, the trial court should have declared a mistrial.

II.  The State's willful failure to disclose evidence required by Ohio Rule of Criminal Procedure 16 substantially prejudiced appellant's defense, warranting reversal of his conviction.

III. The evidence presented at trial was insufficient to support appellant's conviction for robbery.

---

[1] At trial, Secessions was represented by defense counsel Kerry O'Brien.

2

> IV.  Appellant's conviction for robbery was against the manifest weight
> of the evidence presented at trial.

(Doc. No. 8-1, Exh. 6.)

On November 23, 2011, the state appellate court  affirmed the judgment of the trial court.  (Doc. No. 8-1, Exh. 11.)

On April 13, 2012, Secessions, *pro se*, filed a notice of appeal and motion for delayed appeal with the Ohio Supreme Court asserting that he had attempted to file a timely appeal, but the court had refused to file the documents as they lacked the required affidavit of indigence.  (Doc. No. 8-1, Exhs. 12 & 13.)

On June 6, 2012, the motion for delayed appeal was denied and the case dismissed.  (Doc. No. 8-1, Exh. 14.)

### 3.  Application to Reopen Pursuant to Ohio Appellate Rule 26(B)

On December 14, 2012, Secessions, *pro se*, filed an application to reopen his appeal under Ohio App. R. 26(B) arguing that appellate counsel was ineffective for failing to raise the following issue on appeal:

> The Prosecution engaged in misconduct that deprived the Appellant of his
> right to a fair trial.[2]

(Doc. No. 8-1, Exh. 15 at p. 4.)

On December 20, 2012, the appellate court granted the motion to reopen and Secessions, through new counsel Adam Van Ho, proceeded to raise the following

---

[2]  Specifically, Petitioner argued that it was misconduct for the prosecution to elicit testimony from the victim that a friend of Petitioner had allegedly attempted to bribe a witness.  (Doc. No. 8-1, Exh. 15 at p. 4.)  This application was filed after Petitioner's co-defendant prevailed on appeal by arguing that the prosecutor engaged in misconduct based on the testimony elicited of the alleged bribery.  *State v. Smith*, 972 N.E.2d 139, 2012-Ohio-2614 at ¶¶12-22 (Ohio Ct. App., Jun. 13, 2012).

3

assignments of error:

    I.    Appellant was deprived of his constitutional right to a fair trial when the prosecutor committed misconduct by failing to disclose statements of potential witnesses and by eliciting inadmissible and highly prejudicial testimony, in violation of appellant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article One, Section Ten of the Ohio Constitution, and Rule 16 of the Ohio Rules of Criminal Procedure.

    II.    Appellant was deprived of the effective assistance of counsel when counsel failed to raise prosecutorial misconduct in his direct appeal, in violation of his rights under *Strickland v. Washington*, the Sixth and Fourteenth Amendments of the United States Constitution, and Article One, Section Ten of the Ohio Constitution.

(Doc. No. 8-1, Exh. 17 at p. ii.)

On October 16, 2013, the state appellate court rejected Petitioner's claims and confirmed its prior judgment affirming his conviction.  (Doc. No. 8-1, Exh. 19.)  On October 25, 2013, Secessions filed an application for *en banc* review.  (Doc. No. 8-1, Exh. 20.)  On April 21, 2014, the Ohio Court of Appeals denied the application, finding no conflict on a dispositive issue.  (Doc. No. 8-1, Exh. 21.)

On June 5, 2014, Secessions, through counsel Adam Van Ho, filed a notice of appeal of the with the Ohio Supreme Court and raised the same two propositions of law in his memorandum in support of jurisdiction that he raised in his Rule 26(B) petition. (Doc. No. 8-1, Exh. 23.)

On September 3, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R.7.08(B)(4).  (Doc. No. 8-1, Exh. 25.)

On December 1, 2014, Secessions, though counsel Adam Van Ho, filed a Petition for a Writ of Certiorari in the Supreme Court of the United States presenting one question for review:

4

> Whether appellate counsel is ineffective under the Sixth Amendment to the United States Constitution when they fail to raise an effective argument of prosecutorial misconduct.

(Doc. No. 8-1, Exh. 26.)

On January 20, 2015, the Supreme Court of the United States denied the petition for a writ of certiorari.  (Doc. No. 8-1, Exh. 27.)

## B.    Proceedings in this Court

### 1.  Previous Petition for Writ of Habeas Corpus

Previously, in Case No. 5:13-cv-00195, Secessions filed a petition for a writ of habeas corpus on January 23, 2013, stemming from the same conviction he now challenges.  (Case No. 5:13-cv-00195, Doc. No. 1.)  On May 2, 2014, this Court issued a Report and Recommendation that Secessions's petition be dismissed without prejudice as unexhausted.  (Case No. 5:13-cv-00195, Doc. No. 16.)  The Court explicitly put Secessions on notice that approximately 285 days of the statute of limitations had elapsed.  (*Id.* at p. 7 n. 2.)  On June 27, 2014, District Court Judge Donald C. Nugent adopted the Report and Recommendation and dismissed the action.  (Case No. 5:13-cv-00195, Doc. Nos. 19 & 20.)

### 2.  Current Petition for Writ of Habeas Corpus

On January 20, 2016, Secessions, represented by Jeremy J. Masters of the Office of the Ohio Public Defender, filed a § 2254 petition in this Court, in which he raises a single ground for relief:

> **Ground One**: The Summit County, Ohio, Court of Appeals unreasonably and contrarily applied *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) when it ruled that Mr. Secessions had not established that his appellate lawyer was ineffective for failing to argue

5

that the prosecutor engaged in misconduct.

(Doc. No. 2 at p. 9.)

## II. Jurisdiction

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Summit County, Ohio sentenced Petitioner. (Doc. No. 8-1 at Exhs. 3 & 4.) Summit County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a). Accordingly, this Court has jurisdiction over Secessions's § 2254 petition.

## III. Timeliness

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

28 U.S.C. § 2244(d)(1) & (2).

**1. Application to Secessions**

In the case at bar, Respondent asserts that Secessions's petition is time-barred because he did not file within the one-year limitations period.  (Doc. No. 8 at pp. 9-17.) For all petitioners who do not pursue a direct appeal all the way to a state's court of last resort, the judgment becomes final at the "expiration of the time for seeking such review." *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012).  Herein, Respondent correctly asserts that Petitioner's conviction became final on January 9, 2012, forty-five (45) days after the state appellate court issued its decision and the time to file a timely notice of appeal with the Supreme Court of Ohio expired.[3]  (*Id.* at 12.)  Based on this sequence of events, the limitations period commenced the next day, on January 10, 2012. *See also* Fed. R. Civ. P. 6(a)(1)(A) ("[E]xclude the day of the act, event or default that begins the period.")

Under 28 U.S.C. § 2244(d)(2), a "properly filed" application for state post-conviction or other relief tolls the running of the AEDPA statute of limitations until the state supreme court decides the case or declines review.  It is also well established that, "a motion for delayed appeal, even if granted, does not restart the statute of limitations." *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (*citing Searcy v. Carter*, 146 F.3d 515, 519 (6th

---

[3]  Current Ohio S. Ct. Prac. R. 7.01(A)(1), as well as old Sup. Ct. Prac. R. 2.2(A)(1), both required appeals to be perfected within 45 days. The state appellate court's decision is dated November 23, 2011. (Doc. No. 8-1, Exh. 11.) Therefore, January 7, 2012 was the last day Secessions could have filed a timely appeal with the Ohio Supreme Court.  However, as January 7, 2012 fell on a Saturday, Respondent concedes that the appeal would have been deemed timely if filed by January 9, 2012 – the next business day – according to Ohio S. Ct. Prac. R. 3.03(A).  (Doc. No. 8-1 at p. 12, n. 2.)

7

Cir. 2001)).  Therefore, the statute of limitations, which began to run on January 10, 2012,

continued to run until at least  April 13, 2012, the day Secessions filed a notice of appeal

and motion for delayed appeal with the Supreme Court of Ohio.  (Doc. No. 8-1, Exhs. 12

& 13.)  As such, 94 of the 365 days already had expired by the time Petitioner filed his

delayed appeal.  The Court will presume that the state of limitations tolled until the

Supreme Court of Ohio denied the motion for delayed appeal on June 6, 2012.[4]  (Doc. No.

8-1, Exh. 14.)

     The limitations period resumed the next day on June 7, 2012 and continued

running for another 190 days – until December 14, 2012 – when Secessions filed an

application to reopen his appeal pursuant to Ohio. App. R. 26(B).[5]  At this point in time a

total of 284 days had elapsed.  The Court will again assume that the statute of limitations

tolled all the way through the state appellate court's denial of the 26(B) application, the

application for *en banc* review, and the Ohio Supreme Court's denial of the appeal

therefrom on September 3, 2014.  (Doc. No. 8-1, Exh. 25.)  The statute of limitations,

therefore, resumed running the next day.[6]  As only 81 days remained, the last date to file

---

    [4]  Respondent presents an alternative argument suggesting that Petitioner's
unsuccessful delayed motion for appeal did not toll the statute of limitations.  (Doc. No. 8 at pp.
15-16.)  As the petition is untimely even with the benefit of tolling, the Court declines to address
this argument.

    [5]  "[T]he ninety-day period applicable to petitions for certiorari to the United States
Supreme Court does not enter the calculation ... for the reason that the motion for delayed
appeal was not a part of the direct review."  *Anderson v. Brunsman*, 562 Fed. App'x 426, 430
(6th Cir. 2014); *see also Foster v. Bobby*, 2010 WL 1524484, at *2-4 (N.D. Ohio Apr.15, 2010)
(O'Malley, J.); *Lee v. Warden, Chillicothe Corr. Inst.*, 2009 WL 1911917 at*1 (S.D. Ohio June
30, 2009); *Kimble v. Gansheimer*, 2009 WL 4676959 at fn 2 (N.D. Ohio Dec. 4, 2009) (Lioi, J.).

    [6]  Again, Secessions was *not* entitled to ninety days of tolling after the Supreme Court
dismissed his appeal, because 26(B) applications are not part of direct review. *See Carter v.
Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) ("A Rule 26(B) application is a collateral challenge.");

a timely habeas petition was Monday, November 24, 2014.[7]  Secessions does not contest that this was the last day he could have filed a timely petition or that he waited over one year to file his petition.  (Doc. No. 19 at 2.)  As the filing date of this petition is January 20, 2016, the petition should be dismissed as time-barred unless equitable tolling is appropriate.

### 2. Equitable Tolling

"AEDPA's limitations period is subject to equitable tolling, a doctrine that 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (*quoting Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  In *Hall*, the Sixth Circuit expressly found that equitable tolling should be used only "sparingly" and only if the petitioner establishes (1) that he has been pursuing his rights diligently, *and* (2) that some

---

*Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010) ("Under Ohio law, however, a Rule 26(B) proceeding is a 'separate collateral' proceeding rather than part of the original appeal.") (citations omitted); *Hairston v. Jackson*, 2010 U.S. Dist. LEXIS 106065 at **9-10 (S.D. Ohio May 26, 2010) ("The Ohio Supreme Court dismissed petitioner's appeal of the denial of his Rule 26(B) application.... Petitioner was not entitled to an additional 90 days of tolling of the limitations period in which he could have petitioned for certiorari to the United States Supreme Court because his Rule 26(B) application is considered an application for state post-conviction relief which, unlike 'direct review' of a conviction, is not subject to an addition 90 days of tolling."); *Coldiron v. Timmerman-Cooper*, 2007 U.S. Dist. LEXIS 40396 at ** 8-9 (N.D. Ohio June 4, 2007) (Boyko, J.) (finding a petitioner's 26(B) application tolled the AEDPA statute of limitations until the Ohio Supreme Court dismissed his subsequent appeal, but that "the certiorari period no longer tolls the statute, [and] the limitations period again began to run.")

[7]  Secessions's first habeas petition, filed on December 21, 2012 and dismissed on June 27, 2014 was irrelevant for tolling purposes, as the Court already has considered the statute of limitations tolled from December 14, 2012 until September 3, 2014 – the time during which Petitioner's 26(B) application and the appeal therefrom was pending.  Furthermore, the petition for writ of certiorari also had no tolling effect, as it was filed on December 1, 2014 – a week *after* the statute of limitations had expired.

9

extraordinary circumstance stood in his way preventing timely filing.  622 F.3d at 749 (*citing Holland v. Florida*, 560 U.S. 613, 130 S. Ct. 2549 (2010)).

In his memorandum in opposition to the motion to dismiss, Secessions argues that equitable tolling is warranted.  (Doc. No. 10 at 3-5.)  First, Secessions' counsel inappropriately relies on dated case law, *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), when discussing whether equitable tolling is appropriate.  (Doc. No. 10 at 3.)  In *Hall*, the Sixth Circuit concluded that "*Holland's* two-part test has replaced *Dunlap*'s five-factor inquiry as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling."  622 F.3d at 750.  Using the old *Dunlap* factors, Petitioner asserts that he lacked actual notice of the November 24, 2014 filing date.  (Doc. No. 10 at p. 4.)  Although notice is not an express consideration under the two-part *Holland* test, the Court strongly disagrees with the contention that Secessions lacked notice.  Petitioner ignores the fact that in this Court's previous Report and Recommendation, Successions was told that approximately 285 days of the statute of limitations had elapsed.  (Case No. 5:13-cv-00195, Doc. No. 16 at p. 7.)  As such, Secessions knew or should have known that he had only approximately 80 days remaining to file his petition.  Nevertheless, the petition was not filed until a whole year after the United States Supreme Court denied Petitioner's request for certiorari.

Next Petitioner's counsel from the Office of the Ohio Public Defender attempts to take the blame for Secessions's untimely filing, and states that counsel was under the mistaken belief that Petitioner's reopened appeal was part of direct review.  (Doc. No. 10 at 4.)  Based on this incorrect assumption, counsel avers that Secessions was informed of the incorrect deadline.  (*Id.*)  Counsel's erroneous advice, however, fails to demonstrate

10

that some extraordinary circumstance stood in Petitioner's way preventing a timely filing. The affidavits from both attorneys from the Ohio Public Defender, Jeremy Masters and Katherine Ross-Kinzie, state that they "received a file for a possible petition for habeas corpus for petitioner Timothy D. Secessions" in **March of 2015**.  (Doc. Nos. 10-1 & 10-2.) Neither Mr. Masters nor Ms. Ross-Kinzie represented Secessions during state court proceedings and, moreover, the statute of limitations already expired by November 24, 2014 – 3 to 4 months before they claim they received the file.  Any erroneous advice offered by Petitioner's counsel months after the limitations period had expired cannot reasonably be construed as an extraordinary circumstance that prevented timely filing.

Finally, Petitioner asserts that equitable tolling should be applied to prevent a "manifest injustice" or to prevent a "fundamental miscarriage of justice."  (Doc. No. 10 at p. 4.)  Petitioner's reliance on *Coleman v. Thompson*, 501 U.S. 722 (1991) is misplaced. (*Id.*)  In *Coleman*, it was held that a procedural default, that is a violation of an independent and adequate state procedural rule, should not bar consideration of a petitioner's claims if it would result in a "fundamental miscarriage of justice."  *Id.* at 751. Here, by contrast, it is not a *state* procedural rule that bars consideration of Petitioner's claim, but rather a failure to file timely under *federal* law.

### 3.  Actual Innocence

With respect to untimely habeas petitions, the United States Supreme Court has held that there is an "actual innocence" gateway exception and "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations ... a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in

11

the light of the new evidence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935, 185 L. Ed.2d 1019 (2013) (noting that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1)) (citations omitted). For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Here, Secessions has not argued that he is actually innocent nor has he presented the Court with any new, reliable evidence demonstrative of his innocence. Rather the alleged miscarriage of justice identified in Petitioner's brief is simply that the application of the statute of limitations would foreclose the Court from considering the merits of the petition. Such an outcome, however, is the impact of *every* application of AEDPA's time-bar.

## IV. Conclusion

For the reasons given above, the State's motion should be GRANTED and the § 2254 petition should be DISMISSED.


Date: March 23, 2016                    s/ *Nancy A. Vecchiarelli*
                                        NANCY A. VECCHIARELLI
                                        U.S. MAGISTRATE JUDGE

## OBJECTIONS

       Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.

13