FILED

2016 JUL -1 PM 3: 13

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. SECESSIONS, | ) | CASE NO. 5:16-CV-00128 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JAMES HAVILAND, Warden, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. Petitioner filed this action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arising out of his 2010 conviction for robbery. Magistrate Judge Vecchiarelli's Report and Recommendation (ECF #12), issued on March 23, 2016, is hereby ADOPTED by this Court and Petitioner's Petition for Writ of Habeas Corpus is DISMISSED. Petitioner has filed objections to Magistrate Judge Vecchiarelli's Report and Recommendation.

## Factual and Procedural History

As set forth by Magistrate Judge Vecchiarelli, the factual and procedural history of this case is as follows:

### I. Background

On April 30, 2010, Petitioner was indicted on one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(3) and one count of robbery in violation of Ohio Revised Code § 2911.02(A)(2). The charge of aggravated robbery and its associated repeat violent offender specification was dismissed pursuant to Ohio Crim. R. 29. On December 8, 2010, the jury found Petitioner guilty of robbery. Petitioner was sentenced to eight years in prison.

On January 6, 2011, Petitioner filed a notice of appeal in the state appellate court raising four assignments of error. On November 23, 2011, the state appellate court affirmed the judgment of the trial court. On April 13, 2012, Petitioner filed a notice of appeal and motion for delayed appeal with the Ohio Supreme Court. On June 6, 2012, the motion for delayed appeal was denied and the case was dismissed.

On December 14, 2012, Petitioner filed an application to reopen his appeal pursuant to Ohio App. R. 26(B) claiming appellate counsel was ineffective for failing to raise the issue that prosecution engaged in misconduct that deprived Petitioner of his right to a fair trial (ECF #12 at 3). On December 20, 2012, the appellate court granted Petitioner's motion to reopen and Petitioner raised two assignments of error. On October 16, 2013, the state appellate court rejected

Petitioner's claims and affirmed Petitioner's conviction. Petitioner's later application for en banc review was denied on April 21, 2014.

On June 5, 2014, Petitioner filed a notice of appeal with the Ohio Supreme Court and raised the same two propositions of law in his memorandum in support of jurisdiction that he raised in his 26(B) petition. On September 3, 2014, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct.Prac.R.7.08(B)(4). On December 1, 2014, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States. On January 20, 2015, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari.

Petitioner previously filed a petition for writ of habeas corpus in this Court on January 23, 2013. On May 2, 2014, Magistrate Judge Vecchiarelli issued a Report and Recommendation that Petitioner's petition be dismissed without prejudice as unexhausted. Magistrate Judge Vecchiarelli gave notice to Petitioner that approximately 285 days of the one-year statute of limitations had run. On June 27, 2014, District Court Judge Donald C. Nugent adopted Magistrate Judge Vecchiarelli's Report and Recommendation and dismissed the action.

On January 20, 2016, Petitioner brought his current Petition for Writ of Habeas Corpus before Magistrate Judge Vecchiarelli, in which he raises one ground for relief:

> The Summit County, Ohio, Court of Appeals unreasonably and contrarily applied *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), when it ruled that Mr. Secessions has not established that his appellate lawyer was ineffective for failing to argue that the prosecutor engaged in misconduct.

Respondent filed a Motion to Dismiss (ECF #8) on February 8, 2016.

## Report and Recommendation

On March 23, 2016, Magistrate Judge Vecchiarelli issued her Report and Recommendation (ECF #12). Magistrate Judge Vecchiarelli recommends Petitioner's § 2254 Petition be DISMISSED as time-barred.

Congress enacted a one-year statute of limitations for filing habeas petitions in the Antiterrorism and Effective Death penalty Act of 1996. The statute provides; in relevant part:

> d(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the concussion of direct review or the expiration of the time for seeking such reviews;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on January 9th, 2012, forty-five days after the Ohio Court of Appeals issued its decision and Petitioner did not file a timely appeal with the Supreme Court of Ohio. Therefore, Petitioner's limitations period began on January 10, 2012. Petitioner then filed a notice of appeal and motion for delayed appeal with the Supreme Court of Ohio on April 13, 2012. Up to this date, 94 of the 365 days had expired by the time Petitioner filed his motion for delayed appeal. Between the period of Petitioner's motion for delayed appeal and the Supreme Court of Ohio's denial of that motion, Magistrate Judge Vecchiarelli presumed that statute of limitations tolled. Therefore the limitations period resumed on June 7, 2012 and ran for 190 days until Petitioner filed an application to reopen his appeal on December 24, 2012.

4

Magistrate Judge Vecchiarelli again presumed the statute of limitations tolled up until the Ohio Supreme Court's denial of the appeal on September 3, 2014. Therefore, the limitations period resumed on September 4, 2014 and the final date to file a timely habeas corpus petition was November 24, 2014. Petitioner filed this Petition on January 20, 2016 and does not contest that he did not file a timely petition.

Petitioner argues that the doctrine of equitable tolling is warranted in this case because he lacked actual notice of the November 24, 2014 filing date. The Sixth Circuit has held that equitable tolling should only be used sparingly and if a petitioner has (1) pursued his rights diligently and (2) some extraordinary circumstance stood in his way of timely filing. *See Holland v. Florida*, 560 U.S. 613, 130 S. Ct. 2549 (2010). Magistrate Judge Vecchiarelli disagrees that Petitioner lacked notice of the November 24, 2014 filing date. Magistrate Judge Vecchiarelli noted in her previous Report and Recommendation that approximately 285 days of the statute of limitations had run. Because this was stated in Magistrate Judge Vecchiarelli's previous Report and Recommendation, Petitioner knew or should have known he had approximately 80 days remaining to file his petition. However, Petitioner still did not file his petition until a whole year after the United States Supreme Court denied Petitioner's request for certiorari.

Petitioner has not demonstrated that an extraordinary circumstance stood in his way of preventing a timely habeas filing. Petitioner's claim that his counsel informed him of the incorrect petition deadline does not warrant the application of equitable tolling in this case. Both of Petitioner's attorneys from the Ohio Public Defender's office claim they received Petitioner's file for a possible habeas petition in March 2015 (ECF # 12 at 11). Neither attorney represented Petitioner during state court proceedings and further, the statute of limitations for the petition had

5

already expired on November 24, 2014. Erroneous advice offered by petitioner's counsel months after the filing deadline cannot be construed as an extraordinary circumstance preventing a timely filing (ECF # 12 at 11). Therefore, the doctrine of equitable tolling should not be applied in this case.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(B) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence or return the matter to the magistrate judge with instructions.

### Conclusion

This Court has reviewed Magistrate Judge Vecchiarelli's Report and Recommendation (ECF #12) *de novo*, considering the Objections of Petitioner. The Court finds Magistrate Judge Vecchiarelli's Report and Recommendation (ECF #12) to be well written, well supported, and correct. The Court does not find the objections raised by Petitioner to be persuasive. Therefore, the Report and Recommendation is ADOPTED in its entirety, Respondent's Motion to Dismiss (ECF #8) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus is DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

7

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge Vecchiarelli's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED.

                                                  DONALD C. NUGENT
                                                  United States District Judge

DATED: July 1, 2016